IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVIN EUGENE ANDERSON, | |
| Petitioner, | 8:19CV548 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before the court on Respondent's Motion for Summary Judgment. (Filing 5.) Respondent contends that Petitioner Devin Eugene Anderson's ("Petitioner" or "Anderson") Petition for a Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). (Filings 5 & 7.) Petitioner has not responded.[1] Respondent filed a Notice of Submission indicating that it would not be filing a reply brief as Petitioner did not file a response brief. (Filing 12.) This matter is fully submitted for disposition. After careful review, the Motion for Summary Judgment (filing 5) will be granted.

## I.    UNDISPUTED MATERIAL FACTS

    1.    On August 24, 2015, Anderson pleaded no contest to attempted second degree sexual assault and child abuse in the District Court of Lancaster County, Nebraska, Case No. CR14-1334. (Filing 6-1 at CM/ECF pp. 7, 10).

---

[1] A third party filed correspondence on behalf of Petitioner. (Filing 10.) In a prior order, the court advised Petitioner that it would not consider these documents as filed in response to Respondent's summary judgment motion and that he had until October 9, 2020 to file a brief in opposition to the summary judgment motion. (Filing 11.) Petitioner did not file a responsive brief.

2. On November 12, 2015, the state district court sentenced Anderson to 5 years' probation on each count, with each sentence to be served concurrently. (Filing 6-1 at CM/ECF pp. 7, 10.)

3. Anderson did not appeal his judgment of conviction. (Filing 1 at CM/ECF p. 2; *see also* Filing 6-1 at CM/ECF pp. 4-9.)

4. Anderson originally filed a habeas petition in this court in Case No. 8:19CV172 on April 22, 2019, which appeared to attack both his present confinement in the Lincoln Regional Center pursuant to a mental health board commitment order and his judgment of conviction in CR14-1334. (Filing 1, Case No. 8:19CV172; *see also* Filing 3 at CM/ECF p. 1 n.1.) On October 25, 2019, the court directed Anderson to file separate petitions attacking his mental health board commitment and his convictions in CR14-1334. (Filing 8, Case No. 8:19CV172; *see also* Filing 3 at CM/ECF p. 1 n.1.)

5. In accordance with the court's order, Anderson filed his Petition for Writ of Habeas Corpus in this court on December 16, 2019, challenging his convictions in CR14-1334. (Filing 1.)

6. On April 23, 2020, Anderson filed a motion for postconviction relief in the state district court. (Filing 6-1 at CM/ECF pp. 4-5.) On August 12, 2020, the state district court granted the State's motion to dismiss Anderson's postconviction motion because it was time barred.[2]

---

[2] The court takes judicial notice of Anderson's state court records, which may be accessed online at the Nebraska Judicial Branch's JUSTICE website, https://www.nebraska.gov/justice/case.cgi. *See* Federal Rule of Evidence 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

7. On November 12, 2020, the state district court entered an order approving Anderson's discharge from probation.[3]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[3] Although Anderson has been discharged from probation, it was still in effect when his habeas petition was filed, and thus, he remains procedurally eligible for 28 U.S.C. § 2254 relief. *See Barks v. Armontrout*, 872 F.2d 237, 238 (8th Cir. 1989) (habeas petitioner is considered to be "in custody" if he is still on probation when he files his petition) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (involving parole)); *Landry v. Hoepfner*, 840 F.2d 1201, 1204 n.8 (5th Cir. 1988) (petitioner is still eligible for habeas corpus relief despite the expiration of probation because petitioner filed his application while on probation); *Mohammad v. Heston*, 542 F. Supp. 2d 949, 953 (E.D. Mo. 2007) ("[T]he statutory "in custody" requirement is satisfied by virtue of Petitioner's suspended sentence and probation, at the time he filed his petition.").

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the applicable triggering event is 28 U.S.C. § 2244(d)(1)(A). Anderson did not appeal his judgment of conviction. Thus, the state court judgment became final on December 14, 2015, which is thirty days after the state district court entered its judgment. *See* Neb. Rev. Stat. § 25-1912(1) (a defendant must file an appeal within thirty days after the district court enters its judgment); Neb. Rev. Stat. § 25-2221 (providing general rules for computing time); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Accordingly, the one-year limitations period began to run from December 14, 2015. Thus, Anderson had until December 14, 2016, to file his habeas petition.[4] Anderson

---

[4] Anderson did not file any motion for postconviction relief in the state district court or other state court collateral review that would have tolled the AEDPA limitations period. The AEDPA limitations period had already expired before Anderson filed for postconviction relief in the state district court on April 23, 2020. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"; thus, "by the time Painter filed his state-court application . . . there was no federal limitations period remaining to toll, and the [federal habeas] petition was properly dismissed as time-barred"); *Dean v. Houston*, No. 4:05CV3124, 2006 WL 83103, at *2 (D. Neb. Jan. 12, 2006) ("state court proceedings initiated after expiration of the AEDPA statute of limitations for bringing a § 2254 petition in federal court cannot revive, toll or reset the AEDPA limitations period for a federal

did not file his habeas petition until 2019. Anderson's habeas petition is untimely under § 2244(d)(1)(A).

Liberally construed, Anderson asserts that he is "actually innocent," which would excuse the procedural bar of the statute of limitations. (*See* Filing 1 at CM/ECF pp. 5, 7, 15.) In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the bar of the statute of limitations under the miscarriage-of-justice exception. The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329). The same standard applies in the context of a guilty plea. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (remanding case to the district court to evaluate defendant's claim of actual innocence even though he pleaded guilty); *United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000) (interpreting the *Schlup* standard to require a petitioner who was convicted as a result of a guilty plea to "demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" (quoting *Bousley*, 523 U.S. at 623)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citation omitted).

Anderson has presented no "new evidence" and has alleged nothing more than threadbare conclusory allegations as to his actual innocence. (*See* Filing 1 at CM/ECF pp. 5, 7, 15) (alleging that he was "not guilty because [he] was not there and had an alibi). Thus, Anderson fails to establish actual innocence as a pathway to defeating the AEDPA limitations period.

---

habeas corpus petition"). Similarly, the AEDPA limitations period had already expired before Anderson filed his two writs of habeas corpus in the state district court in 2018. *See* Lancaster County District Court, Case Nos. CI 18-2426 & CI 18-3298.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Anderson is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 5) is granted.

2. The Petition for Writ of Habeas Corpus (filing 1) is dismissed with prejudice.

3. No certificate of appealability has been or will be issued.

4. Judgment will be issued by separate document.

Dated this 14th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge